```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

SHEILA GAREY                      *

          Plaintiff               *

     vs.                          *   CIVIL ACTION NO. MJG-15-778

WAL-MART STORES EAST, LP          *

          Defendant               *

*    *         *    *        *        *        *        *        *
```

## MEMORANDUM AND ORDER RE: MOTION TO DISMISS

The Court has before it Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 10] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

## I. BACKGROUND[1]

Plaintiff Sheila Garey ("Garey") began working for Defendant Wal-Mart Stores East, LP ("Walmart") in 1992 as an associate in the toy department of Walmart's Easton, Maryland store. Am. Compl. ¶ 5. In May, 2006, Garey was promoted to assistant manager of the Cambridge, Maryland store. Id. ¶ 9. Her employment was terminated on July 9, 2013. Id. ¶ 31.

---

[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendant.

A.   Garey's EEOC Charge

On or about June 6, 2013, Garey – through EEO Advocates LLC (a nonlawyer representative) – filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("the EEOC Charge").  Id. ¶ 33.

The EEOC Charge[2] states that Garey was discriminated against on the basis of her age and disability in a "continuing action." [ECF No. 10-2] at 4.

---

[2]   Even though the EEOC Charge was attached to the Motion to Dismiss, the Court may consider the contents of the EEOC Charge. See CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009) ("This circuit has also held that courts may consider a document that the defendant attaches to its motion to dismiss if the document 'was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.'" (citation omitted)).  As Judge Hollander of this Court stated recently:

> Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, i.e., effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint. See, e.g., Rhodes v. Montgomery Cnty. Dept. of Corr. & Rehab., AW–12–03172, 2013 WL 791208, at *6 (D.Md. Mar.1, 2013) (court may consider a charge of discrimination attached to motion to dismiss where the charge is integral to the complaint and where its authenticity is undisputed); Betof v. Suburban Hosp., Inc., DKC-11-01452, 2012 WL 2564781, at *3 n. 6 (D.Md. June 29, 2012) (same); White v. Mortgage Dynamics, Inc., 528 F.Supp.2d 576, 579 (D.Md. 2007) (a court may consider a charge of discrimination attached to motion to dismiss where charge was incorporated by reference, integral to the complaint, and no party objected).

A notation on the first page of the EEOC Charge indicates that the earliest discrimination occurred in 2007 and that the latest occurred at some unspecified time in 2013, necessarily prior to the June 6, 2013 filing date.[3] The latest specifically alleged act of discrimination by Walmart occurred on September 21, 2012.

A document entitled "Particulars" - attached to the EEOC Charge – states that the basis of the discrimination claim was:

- Disability – knee injury, wrist injury, previous cancer;

- Failure to accommodate a disability;

- Age – 62; and

- Retaliation for engaging in protected activity.

Id. at 6.

The Particulars document states that Garey "was subject to harassment, disparate treatment and a hostile work environment on a weekly basis" and outlines 21 instances of alleged discrimination that occurred between March 2009 and September 2012.  See id. at 8-17.

On September 21, 2012 – according to the EEOC Charge – Garey she was subjected to hostile treatment:

---

Bowie, v. Univ. of Maryland Med. Sys., No. CIV.A. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015).
[3]   The Court is aware that at the time Garey filed the EEOC Charge, Walmart had not yet terminated her employment.

- Store Manager Mike Quillen called Garey and told her "Sheila, I told you I will not allow you to file an accident claim against my store. I am going to get my bonus this year and you are not going to mess that up with an accident report that never happened. . . . Don't you file that claim, Sheila do you hear me?" and

- Mike Quillen spoke to Garey over "the walkie-talkie so all the people in the store who carry a walkie-talkie could hear [and] asked her 'Did you leave your brains at home, because you did not bring them to work with you today.'"

Id. at 16-17.

### B. The Amended Complaint

Garey filed the Complaint, [ECF No. 1], on March 18, 2015. On May 20, 2015, Walmart filed a Motion to Dismiss [ECF No. 5]. Garey was granted leave to file an amended complaint [ECF No. 6]. On June 10, 2015, Garey filed the Amended Complaint, [ECF No. 7], presenting two Counts:

| | |
|---|---|
| Count One | Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. |
| Count Two | Violation of Maryland State Government Article § 20-601, et seq. |

## III. DISCUSSION

### A. Rule 12(b)(6) Dismissal

A motion to dismiss filed pursuant to Federal Rule[4] of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "'a short and plain statement of

---

[4] All "Rule" references herein are to the Federal Rules of Civil Procedure.

4

the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted).  When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not [suffice]."  Id.  A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  Thus, if "the well-pleaded facts [contained within a complaint] do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. (alteration in original)).

Gary states in Count 1[5] of the Amended Complaint:

---

[5]   And repeats in Count 2.

> 38. At all times relevant to this Complaint, and through and including the date this Complaint is filed, Plaintiff is ready, willing and able to work, yet Defendant has prohibited her from doing so, in violation of the Americans with Disabilities Act.
>
> 39. [Blank in the Amended Complaint]
>
> 40. Plaintiff sought a reasonable accommodation, light duty.
>
> 41. Defendant has an affirmative obligation to accommodate Plaintiff's disability.
>
> 42. Defendant failed to accommodate Plaintiff's disability.
>
> 43. Defendant has prohibited Plaintiff from working and has terminated Plaintiff as a direct result of her disability.

Presumably, Garey is asserting that Walmart failed to accommodate her disability by terminating her employment on July 9, 2013. She does not state, by reference to a date and/or specific alleged facts, any other claim.

Factual allegations in the Amended Complaint appear to contradict Garey's statements in the EEOC Charge. For instance, the Amended Complaint states that: Garey was on a one-year medical leave commencing July 25, 2012; sought an extension in June 2013; and "Defendant did not allow Plaintiff to work at any time during her medical leave of absence, insisting that Plaintiff could not have any accommodation and must return to work without any restrictions." Am Compl. ¶¶ 20, 24, 29.

However, as noted above, the EEOC Charge states that Garey was subjected to hostile treatment on September 21, 2012 with reference to Garey having been at work on that date.[6]

Moreover, the Amended Complaint sets forth conclusory allegations regarding Garey being an individual with an ADA-qualifying disability and an otherwise "qualified individual." See 42 U.S.C. §§ 12102(1)(A), 12112(a).

The Court finds that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6), but that – in order to evaluate Walmart's jurisdictional defense – it is appropriate to give Garey an opportunity to file an adequate Second Amended Complaint.

B.   Failure to Exhaust Administrative Remedies

Walmart contends that the Amended Complaint should be dismissed because Garey has failed to exhaust her administrative remedies on the grounds that "the allegations asserted in [the] Amended Complaint are distinct from the allegations in [the EEOC] charge."  [ECF No. 10-1] at 6-9.

> Before a federal court may assume jurisdiction over a claim under Title VII, . . . a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b), which include an

---

[6]  Garey stated in the EEOC Charge that Mike Quillen said to her: "Did you leave your brains at home, because you did not bring them to work with you today."  [ECF No. 10-2] at 17 (emphasis added).

>investigation of the complaint and a determination by the EEOC [Equal Employment Opportunity Commission] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true.

Davis v. N.C. Dep't of Correction, 48 F.3d 134, 137 (4th Cir. 1995).  The Americans with Disabilities Act incorporates the procedural requirements of Title VII.  See, e.g., 42 U.S.C. § 12117(a); Baird ex rel. Baird v. Rose, 192 F.3d 462, 470 (4th Cir. 1999).  Claims brought under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-601, et seq., also are evaluated under Title VII standards.  See Hawkins v. Leggett, 955 F. Supp. 2d 474, 497 (D. Md. 2013) aff'd sub nom. In re Canarte, 558 F. App'x 327 (4th Cir. 2014).

In 2009, the U.S. Court of Appeals for the Fourth Circuit stated that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim."  Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); see also Murphy-Taylor v. Hofmann, 968 F. Supp. 2d 693, 711-12 (D. Md. 2013) ("The jurisdictional issues that must be resolved under Fed.R.Civ.P. 12(b)(1)[, lack of subject matter jurisdiction,] are those concerning whether plaintiffs adequately exhausted their Title VII claims with the EEOC before filing suit.").

> The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. "An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination."

Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002) (citations omitted). "'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005).

Walmart contends that "[t]he allegations in Plaintiff's Amended Complaint are not 'reasonably related' to the allegations in her [EEOC] charge." [ECF No. 10-1] at 8. Walmart may well be correct – particularly in regard to a claim based on the July 9, 2013 termination of Garey's employment. However, as noted above, the Amended Complaint does not clearly specify the claims that Garey is presenting. Thus, the Court cannot definitively rule upon Walmart's jurisdictional contention.

IV.  CONCLUSION

Under the circumstances of this case:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 10] is GRANTED.

2. Plaintiff may, by September 30, 2015, file a Second Amended Complaint that clearly and adequately sets forth the precise claims that she is asserting.

    a. Plaintiff cannot expect that she shall be able to file a Third Amended Complaint.

    b. Every claim asserted must have factual allegations specifying the discriminatory action taken and the date upon which the action was taken.

    c. The Court shall, in light of the Second Amended Complaint, consider whether Garey has adequately pleaded any claim and, if so, whether it has jurisdiction over such claim.

SO ORDERED, on Monday, August 31, 2015.

/s/
Marvin J. Garbis
United States District Judge